[File No. 5986.]

MARTIN H. MUELLER, Respondent, v. CHRISTIAN KRAMER, Appellant.

(239 N. W. 478.)

Opinion filed November 25, 1931.

*Arthur B. Atkins,* for appellant.
*Wishek & Wishek,* for respondent.

CHRISTIANSON, Ch. J.   This is an action to foreclose a certain real estate mortgage executed and delivered by the defendant to the plaintiff.   In his answer the defendant admits the execution and delivery of the mortgage and the notes secured thereby but alleges that his signature thereto was procured by fraud.   The notes and mortgage in question were executed and delivered by the defendant to the plaintiff as part of a transaction whereby the plaintiff sold and agreed to convey to the defendant and his two sons, Fred and Andrew, three hundred twenty acres of land in Logan county in this state.   There is no dispute that such deal was made; neither is there any dispute as to the amount to be paid for the land.   The sole dispute is whether the land was to be sold on what is known as the crop payment plan and the mortgage in question here was executed and delivered by the defendant, unconditionally, to secure the payment of two of the notes executed and delivered by the defendant and his said two sons.   It is the contention of the plaintiff that he sold the land and agreed to convey it to the defendant and his sons for the agreed price of $9,600, payable $500 on or before November 1, 1929, and $910 payable on or before November 1, each year up to and including November 1, 1939.   The defendants, on the other hand, claim that the agreement was that the land was to be bought on the crop payment plan and that they were to be required to turn over to the plaintiff only one-half of the crop grown on the premises each year and no more.   The defendant, Christian Kramer, admits that he executed the mortgage upon a tract of land belonging to him to secure the two notes for $910 which fell due respectively on or before November 1, 1930, and on or before November 1, 1931; but he claims that he executed such mortgage only as security for the performance by his two sons of the conditions of the crop payment agreement.   There is no claim that any crop purchase contract was executed.   The contract that was adduced in evidence is a straight contract for deed, and refers to the eleven promissory notes.

The plaintiff had listed the land for sale with Ritter & Dockter,

real estate brokers at Wishek. The plaintiff and the defendant met at their office, and thereafter proceeded to the First State Bank of Wishek for the purpose of having the necessary papers drawn. One Timm, the cashier of that bank, thereupon prepared the contract for deed, the mortgage and the notes in suit. There is a square conflict in the testimony as to the original·understanding between the parties. According to the testimony of the plaintiff, he at no time agreed to sell on the crop payment plan; while according to the testimony of the defendant the sale was to be made by plaintiff to defendant's sons on that plan. There is also a conflict in the testimony as to whether any reference was made to a sale on the crop payment plan after the parties came to the bank. Mr. Timm testified that nothing whatever was said as regards a sale on the crop payment plan; that the parties stated to him the amount of the consideration and that he computed the amounts of the annual payments and prepared the contract, the notes and the mortgage accordingly. He further testified that the entire matter was gone over with the defendant. Both parties are agreed that the only question presented on appeal is one of fact.

It will be noted that the written instruments in this case are all in accord with plaintiff's claim. But, the defendant seeks to set aside the written contract, the notes and mortgage, on the ground of fraud and misrepresentation. Obviously he has the burden of establishing the claim so made by him. At the conclusion of all of the testimony and after argument by counsel, the trial court made the following observations: "The way the court views this case is this: the defendant here comes into court,—of course,—to overcome a written instrument; and the defendant's testimony should be very clear and convincing of the fraud if the defendant is to prevail. With the court, the testimony, upon the part of the defendant has not been such that the court is convinced that there has been any fraud practiced upon him. I believe that—the defendant Christian Kramer, is a pretty intelligent man. He may not be able to read much English but I think he was intelligent enough to know that he was giving notes and mortgages—in fact he so testified. And he knew the dates when the notes were coming due. And I don't see how he could have known all these things and still have been misled by the terms of the contract as he claims. I think also that he had knowledge of the terms

of the contract and has since confirmed it by making settlement and payments."

We agree with the observations made and the conclusions reached by the trial court. The evidence adduced by the defendant is, in our opinion, insufficient to sustain the burden resting upon him. The testimony of the witness, Timm, bears every earmark of probability. He is wholly disinterested in the litigation. The circumstances in the case tend to support the testimony of the plaintiff and that of the witness Timm.

The trial court heard and saw the witnesses; he weighed their testimony. His findings, while not conclusive, are nevertheless entitled to appreciable weight. The appellant has shown no reason why they should be disturbed.

Judgment affirmed.

BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.